

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 27, 1952

Hon. Sam W. Davis
District Attorney
Houston, Texas

Dear Sir:

Opinion No. V-1532

Re:   Necessity that an employer
      allow employees time off
      to vote when the employees
      have sufficient time to
      vote outside working hours.

You have requested an opinion on the following question:

"Does Article 209 of the Texas Penal
Code require an employer to give an em-
ployee time off to vote, either with or
without pay, where he has sufficient time
to vote outside his working hours?"

Article 209, Vernon's Penal Code, reads:

"Whoever refuses to an employee en-
titled to vote the privilege of attending
the polls, or subjects such employee to a
penalty or deduction of wages because of the
exercise of such privilege, shall be fined
not to exceed five hundred dollars."

The statute declares two offenses, namely:
(1) refusing an employee the privilege of attending
the polls; (2) subjecting the employee to a deduction
of wages because of the exercise of such privilege.
Thus it is seen that the privilege which the employee
may exercise without deduction of wages under the sec-
ond clause of the statute is identical with the privi-
lege granted under the first clause. If under the
first clause the employee would be entitled to demand
time off from work in order to vote, by virtue of the
second clause the employer could not make a deduction
from his pay because of such absence.

The only question to be considered here is
whether Article 209 means that an employer in all
cases must permit his employees to vote during work-
ing hours or whether it means only that an employer

cannot refuse to allow an employee time off if by such a refusal the employee would be deprived of an opportunity to vote.

In Attorney General's Opinion O-6242 (1944), one of the questions presented was whether an employee working only a part of the time the polls are open on election day is entitled to absent himself from his job for the purpose of voting. A further question was whether the employee is privileged to leave his job in order to vote at any time he desires or whether the employer is within his rights in prescribing the time allowed during the day for that purpose. In answer to the first question, it was stated that an employee is entitled to absent himself from his job for a reasonable time for the purpose of voting, as explained in the answer to the other question, which stated:

"Bearing in mind that our polls are open until 7:00 P.M., that a statute should be interpreted by its equity, and of the interdependence of employer and employee in our industrial civilization, it is our opinion that an employer is within the statute and his rights in prescribing the time allowed during the day for the purpose of voting. The time allowed should be sufficient and fair so as to fully and completely permit the employee to exercise his suffrage. Such regulations would vary according to local conditions; but it should give the employee ample and convenient time within which to vote."

We think the opinion was intended to mean that an employee is entitled to a reasonable length of free time during polling hours and that if he will have sufficient free time to vote only by taking a part of his working day, the employer must allow him to take off enough time to enable him to attend the polls while they are open. The opinion went on to say that the amount of time which must be allowed will vary according to local conditions. We think the term "local conditions" was intended to include all the various factors which would enter into the time which should be allowed in each particular case, one of which would be the amount of time the employee had free before or after work.

Hon. Sam. W. Davis, page 3  (V-1532)


In State v. Day-Brite Lighting, Inc., 220
S.W.2d 782 (Mo.App. 1949), the court had before it a
statute which read:

"Any person entitled to vote at any
election in this state shall, on the day
of such election, be entitled to absent
himself from any services or employment
in which he is then engaged or employed,
for a period of four hours between the
times of opening and closing the polls;
and such voter shall not, because of so
absenting himself, be liable to any pen-
alty:  Provided, however, that his em-
ployer may specify the hours during
which such employee may absent himself
as aforesaid.  Any person or corporation
who shall refuse to any employee the
privilege hereby conferred, or shall dis-
charge or threaten to discharge any em-
ployee for absenting himself from his
work for the purpose of said election,
or shall cause any employee to suffer
any penalty or deduction of wages be-
cause of the exercise of such privilege,
or who shall, directly or indirectly,
violate the provisions of this section,
shall be deemed guilty of a misdemeanor,
and on conviction thereof be fined in
any sum not exceeding five hundred dol-
lars."

The court construed the statute to mean that
an employee was entitled to absent himself from work
for a sufficient length of time to give him four free
hours during the period that the polls were open, saying:

". . . One theory advanced is that
under this section the employee is entitled
to four hours' absence from his regular
working hours on the day of election, where-
as another theory advanced is that the em-
ployee is entitled to four hours' time in
which to vote during the thirteen hours com-
prising an election day.  This last stated
theory, which we think is correct, means
that if the employee's regular working day
leaves him at least four consecutive hours
on election day during which he would not

Hon. Sam W. Davis, page 4 (V-1532)

be engaged in actual service to his employer, the object and the purpose of the statute has been met, and such employee is not entitled to be absent from his regular working hours at all; or, if such time when the employee is not actually engaged in service to his employer is less than four hours (in this case two and one-half hours), the employer shall permit the absence of the employee from his services for a sufficient time (in this case one and one-half hours) to make up four full hours. . . ."

The court stated the purpose of the Missouri statute in the following language:

"That every citizen should be given both the right and the opportunity to vote is a matter of public interest, and any law having for its purpose the guarantee of such right and opportunity should be upheld if it is possible to do so. Such we take it was the legislative purpose in the enactment of Section 11785. And the purpose or legislative intent was not to financially enrich the voter or to place an unnecessary and unreasonable burden on the employer. . . ."

While the Texas statute does not fix the length of time which is considered sufficient for voting, the purpose of these two statutes is the same. The essential difference between the Missouri statute and the Texas statute is that the latter makes a determination of the time to be allowed depend upon the circumstances in each particular case, such as the amount of time available outside working hours, the distance the employee must travel to reach the polling place and the time required for traversing the distance by available modes of travel, congestion at the polls, etc.

In view of the foregoing discussion, our answer to your question is that an employer is not required to give an employee time off to vote where the employee has sufficient time to vote outside his working hours. If an employee does not have sufficient time to vote outside his working hours, it would be a violation of Article 209, V.P.C., if his employer denies him such additional time as is necessary for exercising his privilege

Hon. Sam W. Davis, page 5  (V-1532)


of attending the polls or if wages are deducted for
such additional time.  Sufficiency of time is, of
course, a question of fact depending upon the circum-
stances in each particular case.

## SUMMARY

Article 209, V.P.C., does not require
an employer to allow an employee time off
to vote where the employee has sufficient
time to vote outside his working hours.
If an employee does not have sufficient
time to vote outside his working hours, it
would be violative of Article 209, V.P.C.,
for an employer to deny him such additional
time as is necessary to attend the polls
or to deduct wages for such additional time.
What constitutes a sufficient time for vot-
ing is a question of fact depending upon
the circumstances in each particular case.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

E. Jacobson
Executive Assistant

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:wb